THOMAS VENARD AND BARNEY McMANAMON, APPELLANTS, *v.* WILLIAM G. GREEN AND EDWARD AUSTIN, INTERVENORS, AND OLD HICKORY MINING AND SMELTING COMPANY, RESPONDENT.

MINER'S LIENS.—FORECLOSURE.— SEPARATE JUDGMENTS.—Where one action is brought to foreclose two miner's liens, owned separately, on the same property, a separate decree as to each lien may be rendered.

ID.-- When in such action the case is dismissed, as to one plaintiff, the lien of the other foreclosed and the property subject thereto sold, the court is still authorized to vacate the order of dismissal, decree the foreclosure of the second lien and order the sale of the same property to satisfy such decree.

APPEAL from a judgment of the district court of the second district.

The opinion states the facts.

*Mr. Presley Denny*, for appellant.

*Mr. U. J. Wenner*, for respondent.

EMERSON, J.:

Venard and McManamon filed a joint complaint to foreclose two separate miner's liens on defendant's property, each lien and cause of action being separately stated as required by statute.

It appears that at one time the case was 'dismissed as to Venard, for his non-appearance when it was called for trial. McManamon, however, obtained a judgment and decree of foreclosure on his lien, and an order for the sale of the property was made.

Subsequently Venard obtained an order setting aside the dismissal as to him, and reinstating the case. Subsequent to the filing of their miner's liens, a judgment was obtained by creditors of the respondent, and their property sold on an execution issued thereon.

Upon the trial of the case as to Venard, the purchasers at the execution sale were allowed to intervene.

The case was tried by the court without a jury, and judgment went against Venard, who prosecutes this appeal.

Among the findings of fact are the following:

"Second. That under and by virtue of a contract made by and between the plaintiff, Venard, and the defendant, the Old Hickory Mining and Smelting Company, the plaintiff, Venard, entered into the service of the defendant company, on the fifteenth day of September, 1881, as superintendent, at and for the wages or salary of one hundred and fifty dollars per month, and board, and continued as such superintendent in the service of the defendant until the sixteenth day of December, 1881, at and for the said agreed price and stated allowance for such service of one hundred and fifty dollars per month, to be paid to him by the defendant, the Old Hickory Mining and Smelting Company, for such service as such superintendent.

"Third. That the wages and salary of the plaintiff, as such superintendent, while in the service and employment of the defendant, the Old Hickory Mining and Smelting Company, amount to, and are the sum of four hundred and fifty-five dollars. No part of which has been paid.

"Fifth. That on the tenth day of March, 1882, the plaintiff, Venard, filed in the office of the county recorder of Beaver county, a notice of his intention to hold a lien upon the Old Hickory lode and mining claim, situated about four miles north of Milford, in Rocky mining district, in the county of Beaver and territory of Utah, the

property of the defendant, the Old Hickory Mining Company; that by virtue of a contract made by and between him, the said Venard, and the Old Hickory Mining and Smelting Company, he was employed by said company as the superintendent of its mine, for and during the term of three months and one day, commencing on the fifteenth day of September, and ending on the sixteenth day of December, 1881, at agreed price of one hundred and fifty dollars per month, and that he claimed and intended to hold a miner's lien upon the Old Hickory lode and mining claim, with all the tenements, hereditaments and appurtenances thereto appertaining, for the sum and amount of his wages as such superintendent of said mine, which amounted to the sum of four hundred and fifty-five dollars. That said notice was recorded by the recorder of Beaver county, in the territory of Utah, in his office, on the tenth day of March, 1882."

The conclusions of law were as follows:

"1.   That the claim of the plaintiff, Venard, was, and became a lien and charge upon, and attached to the Old Hickory lode mine, or mining claim, which was the property of the defendant, the Old Hickory Mining and Smelting Company, at that time.

"2.   That the judgment of B. F. Grant, against the Old Hickory Mining and Smelting Company, was, and became, a lien upon the Old Hickory lode mine, or mining claim, on the sixteenth day of March, 1882, subject to the lien of the plaintiff, Venard.

"2½.   That the sheriff's deed of June 15, 1883, conveyed to Green and Austin all the title and property of the Old Hickory Mining and Smelting Company, in and to the mining property hereinbefore described.

"3.   That, by reason of the judgment decree of foreclosure, and order of sale obtained by the plaintiff, McManamon, against the defendant, the Old Hickory Mining and Smelting Company, and the sale of said mining property thereunder, and in pursuance thereof, the plaintiff is not entitled to the judgment or decree prayed for in this action.

"4.    That William G. Greene and Edward Austin are properly made an intervening party in this action, and, as such intervening defendants, are entitled to a judgment that the plaintiff, Thomas Venard, take nothing as against them, or either of them, in this action, and that said Venard is not entitled to a decree to enforce his said lien, or to foreclose the same against the said mining property, or to any part thereof, and a judgment for their costs expended by them in the intervening suit.

"5.    That the plaintiff, Venard, is not entitled to judgment against the defendant, the Old Hickory Mining and Smelting Company, for his wages, or for a decree, as prayed for in the complaint.

"6.    That the defendant, the Old Hickory Mining and Smelting Company, are entitled to judgment against the plaintiff, Venard, for its costs in this action."

The conclusions of law are not supported by the findings of fact, but are directly contrary thereto.

The appellant was entitled to a judgment against the respondents for the amount of his wages, which the court finds due and unpaid, and I can preceive no reason why he was not entitled to a decree foreclosing his lien, and for an order of sale as against the intervenors.

His lien antedated that of the judgment upon which their right was founded, and he has done nothing to forfeit it, waive or postpone it.

It can make no difference with his rights as against the respondents or intervenors, that his co-plaintiff had obtained a judgment on his claim, and a foreclosure of his lien.

The record shows that the property will more than satisfy both liens, so that there will be no question about apportioning the proceeds of the sale.

The purchasers, at the execution sale, who are the intervenors here, must be held to have purchased the property subject to the prior lien of the appellant.

The judgment is reversed, and the case remanded.

ZANE, C. J., concurred.

TWISS, J., dissented.

A motion for a rehearing having been made, the following opinion was rendered.

POWERS, J.:

The intervenors, Austin and Greene, move this court for a rehearing, for the reason, as claimed, that the court did not give mature consideration to certain points involved. At the time the case was argued only one of the three members of the court, as now constituted, was then upon the bench. The case was argued at the January term, and the opinion was filed March 21, 1885.

There is nothing in the petition for rehearing that convinces us that the court did not fully consider all the questions in the case. On the contrary, an examination of the opinion, which was prepared by Emerson, J., discloses that the court actually considered the very matters which we are now asked to review. Such being the case, this court will not presume that due consideration was not given. Moreover, the petition for rehearing fails to convince us that this court has committed any error.

To justify a rehearing, a strong case must be made. We must be convinced either that the court failed to duly consider some material point in the case, or that it erred in its conclusions, or that some matter has been discovered which was unknown at the time.

In this case, the showing made is not sufficient to justify us in rehearing the cause. The application must be denied.

ZANE, C. J., and BOREMAN, J., concurred.